# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-61010
Summary Calendar

MANDEEP SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A88  020  281

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mandeep Singh, an illegal alien who is a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for reconsideration of its affirmance of a removal order. Because he did not file a timely petition for review of the decision affirming the removal order, that affirmance and the removal order are not before us. *See Stone v. INS*, 514 U.S. 386, 405 (1995). We review only the denial of the motion for reconsideration. *See Perez-Munoz v. Keisler*, 507 F.3d 357, 360 (5th Cir. 2007).

Reconsideration is not favored. *Ghassan v. INS*, 972 F.2d 631, 638 (5th Cir. 1992). We review the denial of a motion to reconsider under a "highly deferential abuse of discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). A motion for reconsideration fails if the alien does not "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Id.* at 301.

In his motion to reconsider, Singh did not identify any particular error of fact or law. Instead, he cited general due process principles and elaborated on his prior assertions that he was entitled to a continuance to obtain unspecified corroborating documentary evidence. He also reasserted that counsel was ineffective for failing to obtain and present that evidence and that delays in preparation were caused by the government's refusal to allow an interpreter into the detention facility to help him amend his asylum application.

Singh's motion for reconsideration merely attempted to expand on the general arguments he had raised on appeal, and he has failed to show that the BIA abused its great discretion by misapplying the law or overlooking any aspect of the case. *See Zhao*, 404 F.3d at 301. The petition for review is DENIED.